(Opinion published 56 N. W. Rep. 750.)

---

ROBERT L. SCOVELL *vs.* T. FRANK UPHAM *et al.*

Submitted on briefs Nov. 1, 1893.    Affirmed Nov. 14, 1893.

No. 8317.

**Findings sustained by the evidence.**
    Evidence *held* to sustain the findings of fact.

**Facts stated, on which a commission was earned.**
    Plaintiff having an applicant for a loan of $16,000 at six per cent., to be secured on certain real estate, applied to defendants, who agreed that if he would bring the applicant to them, and they should procure and make the loan to him, they would pay plaintiff a commission of one per cent. on the amount of the loan. He sent the applicant to them, and through their efforts a corporation of which they were stockholders and officers made the loan of $15,000 at seven per cent. *Held*, plaintiff is entitled to the commission, and that it does not affect his right that defendants received no commission for procuring or making the loan.

Appeal by defendants, T. Frank Upham and N. J. Upham, from a judgment of the Municipal Court of the City of Duluth, entered

March 8, 1893, against them and in favor of plaintiff, Robert L. Scovill, for $167.94.

*Lewis & McManus*, for appellants.

*W. R. Spencer*, for respondent.

GILFILLAN, C. J.   The second finding of fact, to which error is assigned that it is not supported by the evidence, might, standing alone, be obnoxious to the objection that it lacks definiteness, and that gauged by the evidence, it is inaccurate; but, taking all the findings together, those faults are removed, and the evidence was such that none of the findings can be set aside.

The facts as found are that plaintiff's brother, desiring to procure a loan of $16,000 at six per cent. upon the security of certain real estate, applied to plaintiff to procure it for him, and the plaintiff applied to defendants to procure it.   It was then agreed between plaintiff and defendants that if he would bring the applicant to them, and if they should succeed in making the loan, they would pay the plaintiff as commissions one per cent. on the amount of the loan.   Plaintiff sent his brother to them, and upon their procurement the Duluth Loan, Deposit & Trust Company, a corporation of which defendants were stockholders and officers, made a loan to the brother of $15,000 on the security of the real estate.   How it came that the amount loaned was $1,000 less than was applied for does not appear.   It was undoubtedly a matter of arrangement between the borrower and the defendants on behalf of the party whom they procured to make the loan.   It does not appear that any one was dissatisfied because of it.   Certainly the defendants could not escape paying plaintiff's commissions on the ground that they and his applicant had agreed to make the amount less than was at first applied for.   Nor does it affect plaintiff's right that while the application was for a loan at six per cent. it was made at seven per cent., a rate more favorable to defendants and their lender.   The borrower alone could complain of that.   Nor does it affect plaintiff's right that the defendants received no commissions for procuring the loan.   Their agreement to pay plaintiff a commission was not made to depend on their receiving a commission.   It did not affect their contract with him that when they made it, and when he sent the borrower to them, they were as partners in the business of

making and procuring loans, but when they procured this loan they had quit that business as partners, and had become officers of the lender.

Order affirmed.

(Opinion published 56 N. W. Rep. 812.)